JAMES CARONIA, RELATOR, v. MAURICE H. CALDWELL, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF ORANGE, RESPONDENT.

Submitted October 7, 1940—Decided March 12, 1941.

Before Justices CASE, DONGES and HEHER.

For the relator, *James A. Palmieri* (*Frank A. Palmieri*, of counsel).

For the respondent, *Edmond J. Dwyer,* (*Joseph F. Zeller,* of counsel).

The opinion of the court was delivered by

HEHER, J.   The rule directs the respondent director of public safety to show cause why he should not be commanded by *mandamus* "to employ" relator "in the same capacity and in the same manner he was employed as chanceman prior to his illegal ouster on October 1st, 1938."

On September 16th, 1938, respondent "dispensed with * * * the services" of relator and others as "members of the Chance Force, or Chancemen," in the local police department.   This order, so-called, was set aside on *certiorari* by Mr. Justice Parker; and the judgment was affirmed by our

court of last resort. *Albert* v. *Caldwell,* 123 *N. J. L.* 266. The rationale of the holding is "that the position of chanceman * * * is a regular position in the department to the same extent as the other positions;" and that "chancemen are not temporary employes, but are regular members of the department appointed for part time service," who "serve such days as they are required, and get paid only when they work, but * * * are regular members of the department entitled to tenure and to keep their positions unless discharged after hearing on charges, to the same extent as the chief or any other member."

Since the entry of that judgment, none of the chancemen has been called to service; and it is the insistence of relator that, in "refusing to reinstate and put" him "back to work as a chanceman," respondent has been guilty of an "arbitrary abuse of discretion," and the writ should go to avoid a "defect of justice"—citing *State, ex rel. Nicolson Paving Co.* v. *Mayor of Newark,* 35 *N. J. L.* 396, and *State* v. *Freeholders of Essex,* 23 *Id.* 214. The point is not well made. Relator has not sustained the *onus* of proof in this regard.

It is shown that the chancemen were originally "dismissed" from service for reasons of economy. It was found that the existing force of patrolmen was adequate for every public requirement, and there was no occasion for retaining the chancemen. This is still the situation; and the result has been an annual saving of approximately $5,000. Thus it is that the failure of the respondent director to invoke the services of the chancemen has been due to the lack of need therefor, and not to a refusal to comply with the judgment adverted to.

"Special officers" have been designated by the mayor for private service as watchmen, and so on; and it is said that this is indicative of a "grave public emergency," and that, in such situation, the "refusal to re-employ relator and other chancemen" constitutes an abuse of discretion. The offered conclusion has nothing to sustain it. These appointees were merely given police authority for the more effective rendition of service essentially private. The fact that residents of the community have deemed it advisable to have such additional

police protection does not, without more, warrant the inference that the local police authority has been remiss in the performance of public duty. We have no reason to doubt respondent's assurances, as revelatory of good faith, that, should there be occasion therefor, the chancemen will be assigned to duty.

It suffices to add that, while under the local ordinance the duties of chancemen are "continuous," they serve only "as necessity requires, to supply temporary vacancies in the regular force."

The prerogative writ of *mandamus* is issuable only where there is a clear right to the performance of a ministerial duty, in essence mandatory and final and wholly free of the element of discretion, or to the exercise of a discretionary authority. *Librizzi* v. *Plunkett*, 126 *N. J. L.* 17. The instant case is not in either category.

The rule to show cause is accordingly discharged, but without costs.